UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RODNEY HOLLOMAN,

        Petitioner,

v.

WARDEN J.T. SHARTLE,

        Respondent.

Civ. No. 14-5831 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

### I.    INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fairton in Fairton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be denied.

### II.    BACKGROUND

Petitioner was serving a state sentence of 15-36 months when he was served with a federal arrest warrant on June 29, 2010. Pursuant to a writ *ad prosequendum*, petitioner was borrowed by federal authorities to answer to the federal criminal charges. He was subsequently returned to state authorities on July 8, 2011. In October, 2011, petitioner was once again borrowed by federal authorities via another writ *ad prosequendum*. Petitioner received a sixty-seven month federal sentence on June, 28, 2012, after pleading guilty. As petitioner still had approximately six months remaining on his state sentence, the federal sentencing judge stated and ordered petitioner's federal sentence to run concurrently to his state sentence.

The Federal Bureau of Prisons ("BOP") has determined that petitioner's federal sentence began on June 28, 2012, or the day that he received his federal sentence. (*See* Dkt. No. 3-2 at p.

4.) He is currently scheduled to be released from federal incarceration on March 15, 2017. (*See id.* at p. 2.)

On September 19, 2014, the Court received petitioner's habeas petition. The habeas petition argues as follows:

> Federal Bureau of Prisons acted contrary to law in failing to acknowledge a federal court judge's order, that ran petitioner's federal sentence with his state sentencing within the meaning of 18 U.S.C. § 3584.
>
> The BOP's decision is not only contrary to law, but its also an abuse of discretion, because the (BOP) interprets 18 U.S.C. § 3584 to also permit the federal judges to order concurrent service with a state sentence, especially when the federal judgment and commitment order is not silent.

(Dkt. No. 1 at p. 4.) Petitioner argues that he is entitled to be released from federal incarceration at this time. He claims that he is actually entitled to approximately twenty-four months of additional credit time on his federal sentence, or from June, 2010 until June, 2012. On October 10, 2014, respondent was ordered to file a response to the habeas petition within thirty days. On November 10, 2014, respondent filed a response to the habeas petition. (*See* Dkt. No. 3.) On November 14, 2014, the court received petitioner's motion for default judgment. Thereafter, respondent filed a response in opposition to petitioner's motion for default judgment. Furthermore, in December, 2014, petitioner filed a reply in support of his habeas petition.

### III.   DISCUSSION

A. <u>Petitioner's Motion for Default Judgment</u>

Petitioner has filed a motion for default judgment. The motion will be denied as respondent timely filed his response to the habeas petition. *See* FED. R. CIV. P. 6(a)(1)(C) (stating that in computing time, "[w]hen the period is stated in days or a longer unit of time include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the

period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

B. <u>Habeas Petition</u>

Petitioner asserts that the BOP has erred in executing his sentence because the federal court ordered the federal sentence to run concurrent to his state sentence. Thus, according to petitioner, his federal sentence should be deemed by the BOP to have commenced on June 29, 2010, when he started serving his state sentence, not June 28, 2012, when he was actually sentenced in federal court.

i. *Habeas Jurisdiction*

Section 2241 "'confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 536 (3d Cir. 2012) (*Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (quoting *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2005))) (footnote omitted). The execution of one's sentence includes such matters as the computation of a prisoner's sentence by prison officials. *See Woodall*, 432 F.3d at 242 (citing *Jiminian v. Nash*, 245 F.3d 144, 147 (2d Cir. 2001)). As petitioner is challenging the computation of his federal sentence, this matter is properly before this Court as a § 2241 habeas action.

ii. *Analysis*

"The authority to calculate a federal sentence and provide credit for time served has been delegated to the Attorney General, who acts through the BOP." *Goodman v. Grondolsky*, 427 F. App'x 81, 82 (3d Cir. 2011) (per curiam) (citing *United States v. Wilson*, 503 U.S. 329, 333-35 (1992)). "In calculating a federal sentence, the BOP first determines when the sentence

commenced and then determines whether the prisoner is entitled to any credits toward his sentence." *Id.* (citing 18 U.S.C. § 3585).

The primary custody or primary jurisdiction doctrine "relates to the 'determination of priority and service of sentence between state and federal sovereigns.'" *George v. Longley*, 463 F. App'x 136, 138 n.4 (3d Cir. 2012) (per curiam) (citing *Taylor v. Reno,* 164 F.3d 440, 444 n.1 (9th Cir. 1998)). "Custody is usually determined on a first-exercised basis, *see Reynolds v. Thomas*, 603 F.3d 1144, 1152 (9th Cir. 2010), and can be relinquished by granting bail, dismissing charges, and paroling the defendant.  Custody can also expire at the end of a sentence." *George*, 463 F. App'x at 138 n.4 (citing *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005)); *see also Davis v. Sniezek*, 403 F. App'x 738, 740 (3d Cir. 2010) (per curiam) (citation omitted).  "The sovereign with primary custody 'is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition.'" *Preston v. Ebert*, No. 12-1038, 2014 WL 4258338, at *6 (M.D. Pa. Aug. 25, 2014) (quoting *Smith v. Meeks*, No. 13-0005, 2013 WL 3388913, at *2 (W.D. Pa. July 8, 2013) (citing *Bowman v. Wilson*, 672 F.2d 1145, 1153-54 (3d Cir. 1982))).

Petitioner was in the primary custody of the state prior to being sentenced in federal court on June 28, 2012.  Petitioner was "borrowed" from the state authorities by the federal authorities pursuant to a writ *ad prosequendum*.  The fact that petitioner was received in federal court pursuant to a writ of habeas corpus *ad prosequendrum* did not change the fact that petitioner remained in the primary custody of the state, and therefore, only his state sentence was running between June, 2010 and June, 2012, despite being "borrowed" by federal authorities for part of this period.  *See Williams v. Zickefoose*, 504 F. App'x 105, 107 n.1 (3d Cir. 2012) (per curiam)

(citing *Rios v. Wiley*, 201 F.3d 257, 274 (3d Cir. 2000)); *see also Reyes v. Samuels*, No. 06-3819, 2007 WL 655487, at *5 (D.N.J. Feb. 23, 2007) ("A sovereign does not relinquish authority by producing a state prisoner for sentencing in a federal court via a writ of habeas corpus *ad prosequendum*.") (citations omitted).

Nevertheless, petitioner argues that the calculation of his federal sentence should reflect the fact that the federal sentencing court ordered his federal sentence to run retroactively concurrent to the state sentence he was serving. If so, then his federal sentence would have begun in June 2010, not June, 2012 as determined by the BOP. Petitioner cites to 18 U.S.C. § 3584 in his reply brief to support his argument that the BOP is not acknowledging the federal judge's order that his federal sentence run concurrently with his state sentence. The relevant statutory language in that section states as follows:

> **Imposition of concurrent or consecutive terms**. – If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a). Additionally, sentencing courts can adjust a federal sentence under United States Sentencing Guidelines ("U.S.S.G.") § 5G1.3. That section states as follows:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

>> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2) or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>>> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>>> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
>> (c) If subsection (a) does not apply, and a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

U.S.S.G. § 5G1.3.

The judge stated as follows at petitioner's federal sentencing:

> I will have to sentence you substantially. And I am going to – I am going to follow the Government's recommendation on the – on this – on the Sentencing Guidelines, but I am going to run it concurrent to your present sentence. So please stand.
> And now this 28th day of June in 2011 – 2012, in the matter of the United States v. Rodney Holloman, Criminal Action Number 10-188-1, I sentence you, Mr. Holloman, to 43 months in prison on Counts 1 and 2 to run concurrent.
> And then on Count 3 through 8k those counts are to run concurrent of 24 months, but consecutive to Counts 1 and 2. This will be a sentence concurrent with your present sentence in State Court, so you won't have – you'll be able to think about this sentence and the other sentence at the same time.

(Dkt. No. 3-22 at p. 21-22.) The federal judgment of conviction and sentence also stated that petitioner's "sentence is to run concurrently with the state sentence that the defendant is presently serving." (E.D. Pa. 10-cr-188 Dkt. No. 157.)

The starting point in analyzing whether petitioner's federal sentence should be deemed to run retroactively concurrent to his state sentence is to ascertain the meaning that should be ascribed to the sentencing court's directives that the federal and state sentences be served concurrently.  *See Rios*, 201 F.3d at 264.  While the federal sentencing judge stated and the judgment entered reflected that petitioner's federal sentence would run concurrent to his state sentence, neither expressed an intent to impose a retroactively concurrent sentence.  Indeed, "[a] concurrent sentence is not automatically retroactively concurrent." *Nieves v. Scism*, 527 F. App'x 139, 141 (3d Cir. 2013) (per curiam).  Petitioner argues that the fact that the sentencing court did not explicitly refer to U.S.S.G. § 5G1.3(c) nor state the federal sentence would be retroactively concurrent should not take away from the viewing the sentence in its overall contest.  However, as this Court has noted in another case, "[b]ecause the imposition of a concurrent sentence normally means that the sentence being imposed is to run concurrently with the *undischarged* portion of the earlier-imposed sentence, it is unlikely that a sentencing court would deviate from the norm and impose a retroactively concurrent sentence without discussion." *Thomas v. Schultz*, No. 10-5162, 2012 WL 5200034, at *6 (D.N.J. Oct. 22, 2012) (citing 18 U.S.C. § 3584; *Ruggiano v. Reish*, 307 F.3d 121, 133 (3d Cir. 2002)); *see also Aponte-Cruz v. Zickefoose*, 2012 WL 5622123, at *4 (D.N.J. Nov. 15, 2012) (denying habeas petition where there was no suggestion that petitioner sought federal sentence to run retroactively concurrent to his state sentence and no suggestion that federal court intended to go beyond the normative concurrent sentence in order to impose a sentence that was retroactively concurrent to the state sentence).

In this case, there is simply no discussion in the sentencing transcript or in the judgment that indicates or suggests that the federal sentence was intended to run retroactively concurrent to

7

petitioner's state sentence.  Accordingly, petitioner is not entitled to federal habeas relief as the BOP has not erred in determining that his federal sentence began to run on, June 28, 2012, the date he was sentenced in federal court.

## IV.    CONCLUSION

For the foregoing reasons, petitioner's motion for default judgment and his petition for writ of habeas corpus are denied.  An appropriate order will be entered.


DATED:  May 5, 2015

                                            <u>s/Robert B. Kugler</u>
                                            ROBERT B. KUGLER
                                            United States District Judge